IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA L. LOCUM                                                                    PLAINTIFF

vs.                                        Civil No. 3:12-cv-03030

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Tina L. Locum ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments of counsel, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff protectively filed her disability applications on September 16, 2010.  (Tr. 9, 118-

128).[1]  In her applications, Plaintiff alleges she is disabled due to a heart condition, depression,

stress, and possible cervical cancer.  (Tr. 176).  Plaintiff alleges an onset date of Feburary 10, 2009.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

(Tr. 9). These applications were denied initially and again upon reconsideration. (Tr. 58-61).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 78-99). An administrative hearing was held on November 18, 2011 in Fort Smith, Arkansas. (Tr. 24-57). Plaintiff was present and was represented by Rick Spencer at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Larry Safford testified at this hearing. *Id.*

On December 2, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 6-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 10, 2009, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following "medically determinable impairments": tachycardia, palpitations, mild cervical dysplasia post electrocautery, anxiety, and depression. (Tr. 11, Finding 11). However, the ALJ determined that none of these impairments or combination of impairments "has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." (Tr. 11-16, Finding 4). Based upon this finding, the ALJ determined Plaintiff did not have any severe impairments or combination of impairments. *Id.* Because the ALJ determined Plaintiff did not have a severe impairment or combination of impairments, the ALJ found Plaintiff had not been under a disability as defined by the Act from February 10, 2009 through the date of his decision or through December 2, 2011. (Tr. 18, Finding 5).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). On January 26, 2012, the Appeals Council declined to review the unfavorable decision. (Tr. 1-3). On March 2, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties

have filed appeal briefs.  ECF Nos. 7, 9.  This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

3

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in finding she did not have any severe impairments at Step Two of the analysis; and (2) the ALJ erred in not following the requirements of *Polaski*.  ECF No. 7.  Because this Court finds the ALJ erred by finding Plaintiff had no "severe" impairments, the Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that

4

do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ incorrectly determined Plaintiff did not have any severe impairments. As noted above, Plaintiff alleged in her applications that she is disabled due to a heart condition. (Tr. 176). Further, the record demonstrates Plaintiff had been treated throughout 2008 by cardiologist Dr. Stacey M. Johnson for a heart arrhythmia. (Tr. 14). The ALJ outlined the findings of these treatment records in his opinion. (Tr. 14). Notably, in April of 2008, the ALJ stated Dr. Johnson found Plaintiff "did not need specific therapy unless her arrhythmia became more of a problem or she developed additional symptoms." (Tr. 14, 331).

Thereafter, a year later, on Feburary 10, 2009, Plaintiff alleged her disability began. (Tr. 9). It does not appear Dr. Johnson treated Plaintiff after her alleged onset date. Instead, the ALJ ordered Plaintiff to undergo a general physical examination on November 22, 2010 to further develop the record and assess the severity of her impairments, including her heart impairment, and update Plaintiff's records. (Tr. 438-442). Dr. Shannon H. Brownfield, M.D. performed this evaluation at

5

the request of the SSA.  *Id.*  Based upon her examination of Plaintiff, Dr. Brownfield found Plaintiff had moderate limitations on exertion and with stress tolerance due to tachycardia. (Tr. 442).  Despite these findings, the ALJ did not further develop the record regarding Plaintiff's alleged heart impairment.[2]  Instead, the ALJ summarily dismissed Dr. Brownfield's findings because he found her "diagnoses and assessment of limitations" appeared "to be based on report from the claimant and inconsistent with the examination results."  (Tr. 15).

The ALJ's decision to summarily dismiss Dr. Brownfield's findings and shortcut the sequential evaluation process was in error.   At the very least, Dr. Brownfield's findings–along with the fact Plaintiff had previously received treatment from a cardiologist–provide a basis for establishing Plaintiff's heart impairment was severe.   Dr. Brownfield's findings should have also compelled the ALJ to complete the sequential evaluation process and determine whether Plaintiff retained the capacity to perform her Past Relevant Work ("PRW") or to perform other work existing in significant numbers in the national economy.   Accordingly, because the ALJ erred by ignoring Dr. Brownfield's findings and determining none of Plaintiff's impairments were severe, this case must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[2] The two other consultative examinations that are included in the record were performed by psychologists to assess the extent of Plaintiff's alleged mental impairments.  (Tr. 15-16, 447-452, 539-543).

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 11th day of March 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7